**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

AUDANI DELGADO-URIBE                    CIVIL ACTION NO. 26-1775

VERSUS                                  JUDGE S. MAURICE HICKS, JR.

WARDEN SOUTH LOUISIANA                  MAGISTRATE JUDGE PEREZ-MONTES
ICE PROCESSING CENTER, ET AL.

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2) filed by habeas Petitioner, Audani Delgado-Uribe ("Petitioner"). Petitioner is a Venezuelan national.  See Record Document 1.  She was first detained in Florida on April 27, 2026.  See id.  She is currently detained at the South Louisiana ICE Processing Center in Basile, Louisiana.  See id.  In her Habeas Petition, Petitioner challenges the legality of her continued detention under the Fifth Amendment. See id.  She seeks immediate release.  See id.[1]

In the instant emergency motion, she seeks a temporary restraining order ("TRO") and preliminary injunction enjoining Respondents from deporting her and immediate release or, alternatively, an immediate bond hearing.  See Record Document 2. Additionally, given her medical condition relating to her eyes, she asks the Court to direct Respondents to transport her to her pre-op eye exam appointment and her surgeries in Florida over the next two months or to be released to attend the appointment and surgeries on her own.  See id.  Finally, Petitioner asks that Respondents be prohibited

---

[1] The Court notes that Petitioner's Habeas Petition (Record Document 1) is deficient because it was not submitted on an approved form.  See Record Document 4.  However, given the exigent circumstances presented in relation to Petitioner's medical conditions and because the instant motion sufficiently sets forth the factual and legal basis for the requested relief, the Court will consider the Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2).

from transferring her to another facility or outside this Court's jurisdiction without prior written leave of Court.  See id.

An applicant for a Temporary Restraining Order or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny an emergency injunction lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). And courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

A request for stay of removal is a challenge to a removal order.  See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order).  The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with

a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted).  Thus, this Court is without jurisdiction to grant Petitioner's request for "no removal."  See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

In this case, Petitioner seeks further injunctive relief that mirrors the relief requested in his Habeas Petition, that is, immediate release.  Another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192, 200 (2025).  In other words, they should not be used to rule on the final, merits question.
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered.  Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong.  . . .  Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026).  A ruling on the instant Motion should not resolve the legal disputes in this case.  Thus, to the extent Petitioner asks for an order of immediate release

from custody, the Court views this request as an effort to obtain a ruling on the merits of her Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025). The issues raised in the motion are more appropriately addressed through the ordinary adjudication of the habeas petition.

As for the request to prohibit transfer, "[m]ere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood that she will be transferred to another facility. Additionally, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

The Court notes Petitioner's allegations regarding ongoing medical issues relating to her eyes. She alleges that she will lose vision in both of her eyes without the bilateral eye surgeries she has scheduled in Florida in June and July 2026. Without expressing any opinion on the merits of those allegations, the Court finds that a status report regarding Petitioner's current medical condition and treatment is appropriate.

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Record Document 2) is **DENIED**.

4

**IT IS FURTHER ORDERED** that Respondents shall file a status report within seven (7) days of the issuance of this Memorandum Order addressing Petitioner's current medical conditions, any medical evaluation or treatment provided to Petitioner, and Petitioner's current access to medical care while detained.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of June, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT